IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Dyches, ) | Case No.: 8:25-cv-1378-JD-WSB |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| United States of America, ) | |
| ) | |
| Defendant. ) | |
| ) | |

    This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge William S. Brown (DE 15), issued pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report concerns the Defendant United States of America's ("Defendant") Motion to Dismiss Plaintiff Joseph Dyches's ("Plaintiff") Complaint (DE 7) for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) based on the discretionary function exception to the Federal Tort Claims Act ("FTCA").[1] (DE 1.)

**A.     Background**

    The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

    Plaintiff brings this civil action pursuant to the FTCA, alleging that he sustained serious injuries while being escorted by United States Marshals at the

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Matthew J. Perry, Jr., Federal Courthouse in Columbia, South Carolina. (DE 1.) According to the Complaint, on November 8, 2022, Plaintiff was shackled and being transported for a bond hearing when the chain from his shackles became caught in a floor drain located in a common traffic area, causing him to fall and break his leg and suffer additional injuries. (*Id.* ¶¶ 9, 11.) Plaintiff alleges that Defendant knew or should have known that the drain posed a dangerous condition, that shackled inmates' chains were prone to becoming caught in such drains, and that another individual had been injured at the same drain shortly before Plaintiff's fall. (*Id.* ¶ 15.)

Plaintiff further alleges that he did not receive prompt or adequate medical treatment following the incident. Based on these allegations, Plaintiff asserts an FTCA claim grounded in negligence and gross negligence and seeks compensatory and punitive damages.

Defendant moved to dismiss the action pursuant to Rules 12(b)(1) and 12(b)(6), asserting, among other grounds, that the Court lacks subject-matter jurisdiction because the alleged conduct falls within the discretionary function exception to the FTCA and that punitive damages are unavailable as a matter of law. (DE 7.)

B.  **Report and Recommendation**

In a comprehensive Report, the Magistrate Judge recommends that Defendant's Motion to Dismiss be granted. (DE 15.) The Report concludes that Plaintiff's FTCA claim is barred by the discretionary function exception set forth in 28 U.S.C. § 2680(a) and, therefore, must be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction.

Applying the two-step test governing the discretionary function exception, the Magistrate Judge found that Plaintiff failed to identify any federal statute, regulation, or policy that specifically prescribed a mandatory course of conduct for U.S. Marshals with respect to the route taken while escorting Plaintiff. (DE 15 at 12.) The Report further concluded that decisions regarding prisoner escort and transport inherently involve judgment and discretion and are susceptible to policy considerations such as safety, security, and logistics. (*Id.* at 10–11.)

The Magistrate Judge also determined that Plaintiff failed to carry his burden of showing that the challenged conduct was not grounded in public policy considerations, notwithstanding Plaintiff's allegations that Defendant had prior knowledge of the drain's hazardous nature. (*Id.* at 11.) The Report explained that discretionary conduct is shielded by the exception "whether or not the discretion involved be abused." (*Id.* at 7.)

In addition, the Report concluded that Plaintiff's standalone negligence claim fails as a matter of law because the FTCA provides the exclusive remedy for tort claims arising from the conduct of federal employees acting within the scope of their employment, and that punitive damages are unavailable against the United States under 28 U.S.C. § 2674. The Magistrate Judge, therefore, recommended dismissal of the FTCA claim under Rule 12(b)(1) and dismissal of any remaining claims or requests for relief.

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Plaintiff raises four primary objections to the Report. (DE 16.) Each one is unavailing.

#### 1. Facial Rule 12(b)(1) standard.

Plaintiff first contends that because Defendant's motion presents a facial challenge to subject-matter jurisdiction, the Magistrate Judge was required to accept Plaintiff's allegations as true and draw all reasonable inferences in Plaintiff's favor. (DE 16 at 1.) The Court agrees with the general proposition that on a facial Rule 12(b)(1) challenge, the well-pleaded jurisdictional allegations are taken as true.

4

However, in FTCA cases that principle operates alongside the distinct rule that the plaintiff bears the burden of establishing an unequivocal waiver of sovereign immunity and of showing that an FTCA exception—here, the discretionary function exception—does not bar the claim.

The Report did not improperly resolve disputed facts against Plaintiff. Instead, accepting Plaintiff's allegations as true, the Magistrate Judge concluded that Plaintiff had not identified any federal statute, regulation, or policy prescribing a specific, mandatory course of conduct regarding the escort route taken by the Marshals. (DE 15 at 8–10.) Plaintiff's objection largely reiterates generalized allegations that the Marshals Service emphasizes safety and risk minimization. (DE 16 at 1–2.) Generalized safety principles, however, do not constitute the type of specific, mandatory directive that removes judgment or choice from the challenged conduct under the first step of the discretionary-function analysis. In short, even crediting Plaintiff's factual allegations, the pleadings do not plausibly allege a non-discretionary duty governing the route or manner of escort that Plaintiff claims was violated.

### 2.     Discretionary function exception and "operational negligence."

Plaintiff next argues that the Report erroneously treated his allegations as protected discretionary conduct when, in Plaintiff's view, the Complaint pleads "operational negligence" in exposing him to a known hazard. (DE 16 at 2.) This objection misconstrues the governing inquiry. The discretionary function exception turns on (1) whether the conduct involves judgment or choice and (2) whether the

5

judgment is the kind the exception is designed to shield—i.e., conduct susceptible to policy analysis—not on whether the conduct can be labeled "operational" or "negligent." The exception applies even if the discretion is allegedly exercised poorly or abusively.

Here, the decisions implicated by Plaintiff's allegations—how to escort and secure a detainee in a courthouse environment, including route selection and the manner of movement—are the type of transport and security judgments courts routinely recognize as discretionary and susceptible to policy considerations, including safety, security, and logistics. (DE 15 at 9–11.) Plaintiff's characterization of the Marshals' conduct as operational negligence does not alter the nature of the decision-making involved, and the Court is not persuaded that the Complaint plausibly alleges a non-discretionary mandate that forecloses the exercise of judgment.

### 3. Prior knowledge of the specific hazard.

Plaintiff also asserts the Magistrate Judge failed to adequately consider allegations that Defendant had prior knowledge of the hazard, including an alleged prior incident at the same drain one week earlier. (DE 16 at 2–3.) The Court has considered those allegations. Even assuming they are true, they do not defeat the application of the discretionary function exception on this record.

First, prior knowledge of a hazard does not, in itself, establish the existence of a specific, mandatory directive prescribing the precise response required of federal employees. Plaintiff still must identify a statute, regulation, or policy that required

the Marshals to act in a particular manner (such as avoiding that route) and left no room for judgment. The pleadings do not do so. (DE 15 at 8–10.)

Second, to the extent Plaintiff frames his claim as a failure to warn, block access, or otherwise remediate a hazard, such decisions likewise implicate discretionary judgments about safety measures and risk management that are susceptible to policy analysis. (*See* DE 20 at 2–3) (citing authority recognizing that warning decisions may be discretionary). Plaintiff's "known hazard" allegations strengthen the negligence narrative, but they do not change the jurisdictional question under § 2680(a), which asks whether the challenged conduct is discretionary and susceptible to policy considerations.

4. **Pleading burden and request for jurisdictional discovery.**

Finally, Plaintiff argues the Report imposed too heavy a burden at the pleading stage by faulting Plaintiff for not producing or citing specific policy language. (DE 16 at 3.) The Court disagrees. The burden to establish subject-matter jurisdiction in an FTCA action rests with Plaintiff, including the burden to plead facts showing that the discretionary function exception does not apply. The Report concluded that Plaintiff's allegations and briefing failed to identify any mandatory directive removing discretion from the challenged conduct. (DE 15 at 8–10.) That conclusion is not an evidentiary finding; it is a legal determination that the pleadings do not plausibly allege a waiver of sovereign immunity given the asserted exception.

Nor is jurisdictional discovery warranted on this record. Plaintiff's objections do not identify a specific policy likely to exist that would prescribe a mandatory escort

7

route or otherwise remove discretion from the Marshals' transport decisions. Absent a concrete, non-speculative basis to believe discovery would reveal a mandatory directive that would alter the discretionary-function analysis, the Court declines to authorize jurisdictional discovery.

Accordingly, after de novo review, the Court finds that Plaintiff's objections do not demonstrate error in the Report's analysis or conclusions. Plaintiff's objections (DE 16) are, therefore, overruled.

**E.     Conclusion**

After a careful de novo review of the Report, the parties' submissions, and the entire record in this matter, the Court finds that Plaintiff's objections are without merit. The Magistrate Judge correctly identified and applied the governing legal standards under Rule 12(b)(1) and the FTCA's discretionary function exception.

Accordingly, the Court finds no error of law or fact in the Report and Recommendation. Plaintiff's objections (DE 16) are OVERRULED, and the Report and Recommendation (DE 15) is ADOPTED in its entirety and incorporated herein by reference. Defendant's Motion to Dismiss (DE 7) is GRANTED, and this action is DISMISSED for lack of subject-matter jurisdiction. Any remaining claims or requests for relief are dismissed consistent with the Report.

**IT IS SO ORDERED**.

*[signature: Joseph Dawson III]*
Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 20, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within sixty (60) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.